















SWD   2/25/04   8:17

3:04-CV-00358   JONES V. KFC CORPORATION

*1*

*CMP.*

ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
3  **LAW OFFICES OF LYNN HUBBARD**
   12 WILLIAMSBURG LANE
4  CHICO, CA 95926
5  (530) 895-3252

6  Attorney for Plaintiff

7

8

9

10            THE UNITED STATES DISTRICT COURT

11       FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13                              '04 CV 00358 WQH   (AJB)

14  GYPSIE JONES                   No.
15       Plaintiff,
                                   **COMPLAINT FOR**
16       vs.                       **DECLARATORY, INJUNCTIVE,**
                                   **AND MONETARY RELIEF:**
17  KFC CORPORATION dba KFC        • Americans With Disabilities Act
18  STORE #Y450116; DONAHUE        • Disabled Persons Act
    SCHRIBER REALTY GROUP,         • Unruh Civil Rights Act
19  LP; and DOES 1 through 10,     • Health and Safety Code Part 5.5
20       Defendants.               • Unfair Business Practices Act
21                                 • Negligence
22

23

24

25

26

27

28

Plaintiff's Complaint                        Jones v. KFC Corporation, et al.

Page 1

# I. INTRODUCTION

1.     This is a civil rights action by GYPSIE JONES ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

KFC                                           (APN: 341-041-30)
6745 Mira Mesa Boulevard
San Diego, CA 92121

("the Restaurant")

2.     Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief, attorney fees and costs, against KFC CORPORATION dba KFC STORE #Y450116; DONAHUE SCHRIBER REALTY GROUP, LP; and DOES 1 through 10, ("Defendants") pursuant to:

- The Americans With Disabilities Act of 1990;[1]
- Health and Safety Code Part 5.5;[2]
- The Unruh Act;[3]
- The Disabled Persons Act;[4]
- The Unfair Business Practices Act;[5] and
- Negligence.[6]

---

[1]  42 USC §12101 *et seq.*
[2]  California Health and Safety Code §§19955 *et seq.*
[3]  California Civil Code §§51 *et seq.*
[4]  California Civil Code §§54 *et seq.*
[5]  California Business and Professions Code §§17200 *et seq.*
[6]  California Civil Code §1714.

**Plaintiff's Complaint**                                           **Jones v. KFC Corporation, et al.**

Page 2

## II. JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California Law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. §1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202.

## III. VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. §1391(b), (c).

## IV. PARTIES

7.     Plaintiff is a paraplegic as a result of an automobile accident. Plaintiff requires the use of a wheelchair and a mobility-equipped vehicle when traveling about in public.

8.     Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

9.     Defendants are owners, operators, lessors and/or lessees of the Restaurant.

10.    Defendants are, or consist of, a person or persons, firm or corporation.

11.    On information and belief, Plaintiff alleges a joint venture and common enterprise by all defendants.

12.    On information and belief, Plaintiff alleges each defendant conspired to commit the acts described herein.

**Plaintiff's Complaint**                                    **Jones v. KFC Corporation, et al.**

Page 3

13.   On information and belief, Plaintiff alternatively alleges that each defendant aided and abetted one another in the wrongful acts hereinafter alleged.

14.   On information and belief, Plaintiff alleges each defendant is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of other defendants. Accordingly, each defendant was acting, or failing to act, within the scope of their authority.

## V. FACTS

15.   The Restaurant is a commercial facility, place of public accommodation, public facility, and/or other place that the general-public is invited, which was constructed with private funds.

16.   Defendants and Plaintiff know that areas of the Restaurant are inaccessible to the physically disabled.

17.   Defendants have the financial resources to make the Restaurant accessible to the physically disabled without much difficulty or expense by removing architectural barriers and modifying policies and procedures.

18.   Plaintiff visited the Restaurant and actually encountered architectural barriers that denied him full and equal access.

19.   For example, Defendants violated the law by failing to provide access to the Restaurant from public sidewalks, parking, or public transportation. On information and belief, this failure may include, installing an entrance ramp, reducing door pressure, providing accessible parking spaces, and an accessible route of travel.

1       20.   Defendants also violated the law by failing to provide

2   access to those areas of the Restaurant where goods and services

3   are made available to the public.  On information and belief, this

4   failure may include, adjusting the layout of display racks, rearranging

5   furniture, adding an accessible check-out counter, and installing

6   ramps.

7       21.   On information and belief, Defendants also violated the

8   law by failing to provide access to restroom facilities at the

9   Restaurant.  This failure may include removing obstructing furniture

10   or vending machines, installing ramps, providing accessible signage,

11   widening of toilet stalls and installation of grab bars.

12       22.   Plaintiff was denied the full and equal access (as required

13   by United States and California statutes) during each visit to the

14   Restaurant.

15       23.   Despite these visits, Plaintiff was also deterred from

16   visiting the Restaurant, because of actual knowledge that the full and

17   equal enjoyment of the goods, services, facilities, privileges,

18   advantages, or accommodations at the Restaurant was not available

19   to physically disabled patrons.

20       24.   Plaintiff has suffered, or anticipates suffering, emotional

21   and physical harm during each actual visit to the Restaurant, or

22   incident of deterrence.

23       25.   Plaintiff would visit the Restaurant, but for the future

24   threat of discrimination by Defendants.

25       26.   Because of Defendants' acts and omissions, Plaintiff

26   suffered physical discomfort and injury, emotional distress, and

27   mental suffering and distress.

28

**Plaintiff's Complaint**                 **Jones v. KFC Corporation, et al.**

27.   All injuries suffered by Plaintiff are expectedly and naturally associated with the denial of equal access to the Restaurant due to Defendants' acts and omissions.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

28.   Plaintiff incorporates the allegations contained in paragraphs 1 through 27 for this claim.

29.   Title III of the ADA holds as a 'general rule' that: No individual shall be discriminated against on the basis of disability by any person who owns, leases (or leases to), or operates a place of public accommodation.

30.   Defendants discriminated against Plaintiff by denying full and equal enjoyment to goods, services, facilities, or accommodations, during every visit to the Restaurant.

31.   To date, Defendants have not made the Restaurant readily accessible under Title III of the ADA.[7]

### Readily Achievable Barrier Removal/
### Alternative Methods
42 U.S.C. §§12182(b)(2)(A)(iv),(v)

32.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.[8]

---

[7]   42 U.S.C. §12181 *et seq.*
[8]   42 U.S.C. §12182(b)(2)(A)(iv).

**Plaintiff's Complaint**                                    **Jones v. KFC Corporation, et al.**

1    33.    When an entity can demonstrate that removal of a barrier

2  is not readily achievable, a failure to make goods, services, facilities,

3  or accommodations available through alternative methods is also

4  specifically prohibited if these methods are readily achievable.

5    34.    Readily achievable is defined as, "easily accomplishable

6  and able to be carried out without much difficulty or expense."[9]

7    35.    Plaintiff alleges that it is readily achievable for Defendants

8  to remove the architectural barriers at the Restaurant under the

9  standards set forth in the ADA.

10    36.    Defendants violated the ADA by failing to remove the

11  architectural barriers that were present at the Restaurant, when it

12  was readily achievable to do so.

13    37.    In the alternative, if it was not "readily achievable" for

14  Defendants to remove the architectural barriers at the Restaurant,

15  then Defendants violated the ADA by failing to make the required

16  services available through alternative methods, which were readily

17  achievable.

18

19                    **Design and Construction**

20                    42 U.S.C. §12183(a)(1)

21    38.    The ADA also prohibits: A failure to design and construct

22  facilities for first occupancy after January 26, 1993, that are readily

23  accessible to, and usable by, individuals with disabilities when it is

24  structurally practicable to do so.[10]

25

26

27

28  _____
[9]   28 C.R.F. §36.304(a).
[10]  42 U.S.C. §12183(a)(1).

**Plaintiff's Complaint**                          **Jones v. KFC Corporation, et al.**

1  39.   On information and belief, the Restaurant was designed
2  or constructed (or both) after January 26, 1992—independently
3  triggering access requirements under Title III of the ADA.

4  40.   Defendants violated the ADA by designing or constructing
5  (or both) the Restaurant in a manner that was not readily accessible
6  to the physically disabled public (including Plaintiff) when it was
7  structurally practical to do so.

8
9
10  **Alterations**
11  42 U.S.C. §12183(a)(2)

12  41.   The ADA also requires that: When a facility (or part
13  thereof) is altered in a manner that affects (or could affect) its
14  usability it must be altered in a manner that is readily accessible to
15  individuals with disabilities to the maximum extent feasible.[11]

16  42.   If the alteration affects (or could affect) access to a
17  primary function at the facility, then the responsible entity shall
18  ensure that the path of travel, bathrooms, telephones, and drinking
19  fountains serving the altered area are readily accessible the
20  maximum extent feasible.[12]

21  43.   On information and belief, the Restaurant was modified
22  after January 26, 1992, independently triggering access
23  requirements under the ADA.

24  44.   Defendants violated the ADA by altering the Restaurant
25  in a manner that was not readily accessible to the physically disabled
26  public (including Plaintiff) to the maximum extent feasible.

27
28
[11]  42 U.S.C. §12183(a)(2).
[12]  42 U.S.C. §12183(a)(2).

**Plaintiff's Complaint**                    **Jones v. KFC Corporation, et al.**
Page 8

1

**Policy and Practices**

2

42 U.S.C. §12182(b)(2)(A)(ii)

3    45.    The ADA also specifically prohibits: A failure to make

4    reasonable modifications in policies, practices, or procedures, when

5    necessary to afford such goods, services, facilities, or

6    accommodations to individuals with disabilities, unless the entity can

7    demonstrate that making such modifications would fundamentally

8    alter their nature.[13]

9    46.    Defendants violated the ADA by failing to make

10    reasonable modifications in policies, practices, or procedures (e.g.—

11    placement of movable displays) when these modifications were

12    necessary to afford, and would not fundamentally alter the nature of,

13    these goods, services, facilities, or accommodations.

14    47.    Plaintiff seeks all relief available under the ADA (i.e.—

15    permanent or temporary injunction, restraining order, or other order)

16    to address these violations.[14]

17    48.    Plaintiff also seeks a finding from this Court—declaratory

18    relief—that Defendants violated the ADA in order to pursue damages

19    under California's Unruh Civil Rights Act or Disabled Persons Act.

20    49.    Plaintiff also seeks attorney fees and costs under the

21    ADA.

22

**VII. SECOND CLAIM**

23

**Disabled Persons Act**

24

Civil Code §§54 *et seq.*

25    50.    Plaintiff incorporates the allegations contained in

26    paragraphs 1 through 46 for this claim.

27

28    [13]   42 U.S.C. §12182(b)(2)(A)(ii).
      [14]   42 U.S.C. §12205 (incorporating the remedies under 42 U.S.C. §2000a-3(a)).

**Plaintiff's Complaint**                              **Jones v. KFC Corporation, et al.**

Page 9

51.     California Civil Code §54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.[15]

52.     California Civil Code §54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.[16]

53.     Both sections specifically incorporate (by reference) an individual's rights under the ADA.[17]

54.     Defendants discriminated against the physically disabled public (including Plaintiff) by denying them full and equal access to the Restaurant.

55.     Thus, Plaintiff rights under the Disabled Persons Act were infringed upon and/or violated by Defendants.

56.     Defendants also violated the Disabled Persons Act by infringing upon and/or violating Plaintiff's rights under the ADA.

57.     For each offense, Plaintiff seeks actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).

58.     Plaintiff also seeks general and special damages, declaratory relief and any other remedy available under California Civil Code §54.3.

---

[15]   California Civil Code §54(a).
[16]   California Civil Code §54.1(a)(1).
[17]   Civil Code §54(c), §54.1(d).

**Plaintiff's Complaint**                                    **Jones v. KFC Corporation, et al.**

Page 10

1   |   59.   Plaintiff also seeks to enjoin Defendants from violating
2   |   the Disabled Persons Act (and ADA) under California Civil Code §55.
3   |   60.   Plaintiff also seeks recovery for all reasonable attorneys'
4   |   fees incurred under California Civil Code §54.3, and §55.
5   |   61.   Finally, this lawsuit will benefit the public by compelling
6   |   Defendants to make the Restaurant accessible to the physically
7   |   disabled public—thus, justifying attorneys' fees under California
8   |   Code of Civil Procedure §1021.5.

9   |                        VIII. THIRD CLAIM
10  |                     **Unruh Civil Rights Act**
11  |                      Civil Code §§51 *et seq.*

12  |   62.   Plaintiff incorporates the allegations contained in
13  |   paragraphs 1 through 46 for this claim.
14  |   63.   The Unruh Act states, in part, that: All persons within the
15  |   jurisdiction of this state are entitled to the full and equal
16  |   accommodations, advantages, facilities, privileges, or services in all
17  |   business establishments of every kind whatsoever.[18]
18  |   64.   The Unruh Act also states, in part, that: No business
19  |   establishment of any kind whatsoever shall discriminate against any
20  |   person in this state because of the disability of the person.[19]
21  |   65.   The Unruh Act also specifically incorporates (by
22  |   reference) an individual's rights under the ADA.[20]
23  |   66.   Defendants' aforementioned acts and omissions denied
24  |   the physically disabled public (including Plaintiff) full and equal
25  |   accommodations, advantages, facilities, privileges and services in a
26  |
27  |
─────────────────────────────────────
28  |   [18]   California Civil Code §51.
    |   [19]   California Civil Code §51.5.
    |   [20]   California Civil Code §51.

**Plaintiff's Complaint**                          **Jones v. KFC Corporation, et al.**

                          Page 11

1  business establishment (because of their physical disability) in
2  violation of the Unruh Act.

3     67.    These aforementioned acts and omissions (including the
4  ones that violate the ADA) denied, aided or incited a denial, or
5  discriminated against Plaintiff by violating the Unruh Act.

6     68.    Plaintiff was damaged by Defendants' wrongful conduct,
7  and seeks all available relief under Civil Code §52.

8     69.    This relief includes actual damages and any amount as
9  may be determined by a jury, or the court sitting without a jury, up to
10 a maximum of three times the amount of actual damages but in no
11 case less than four thousand dollars ($4,000) <u>for each offense</u>.[21]

12    70.    Plaintiff also seeks to enjoin Defendants from violating
13 the Unruh Act (and ADA), and recover reasonable attorneys' fees
14 and costs incurred under California Civil Code §52(a).

15    71.    Finally, Plaintiff's lawsuit is intended to compel
16 Defendants to make the Restaurant accessible to all members of the
17 physically disabled public—justifying attorneys' fees under California
18 Code of Civil Procedure §1021.5.

19
20                   IX. FOURTH CLAIM
21 **Denial of Full and Equal Access to a Person with Physical**
22 **Disabilities in a Public Facilities**
23                Health and Safety Code Part 5.5

24    72.    Plaintiff incorporates the allegations contained in
25 paragraphs 1 through 27 for this claim.

26
27 ─────────────────────
28 [21] California Civil Code §52(a); this relief includes statutory minimum damages for each actual
      visit and incident of deterrence.

**Plaintiff's Complaint**                           **Jones v. KFC Corporation, et al.**
                          Page 12

73.   Health and Safety Code §19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code §4450.

74.   Health and Safety Code §19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

75.   On information and belief, Plaintiff alleges the Restaurant was constructed prior to July 1, 1970, and that areas were altered or structurally repaired in a manner that violates Part 5.5 of the Health and Safety Code.

76.   In the alternative, on information and belief, Plaintiff alleges the Restaurant was constructed after July 1, 1970, in a manner that violates Part 5.5 of the Health and Safety Code or Government Code §4450 (or both).

77.   The Restaurant is a public accommodation or facility (as defined by Part 5.5 of the Health and Safety Code),[22] which is not exempted by Health and Safety Code §19956.

78.   Defendants' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities.

79.   Accordingly, Plaintiff seeks injunctive relief under Health and Safety Code §19953.

80.   Plaintiff also incurred legal expenses in order to enforce Government Code §§4450 *et seq.* or Health & Safety Code §§19955 *et seq.*

---

[22]   Health and Safety Code §19955(a).

**Plaintiff's Complaint**                    **Jones v. KFC Corporation, et al.**

Page 13

81.   Therefore, Plaintiff seeks attorneys' fees under to Health and Safety Code §19953.

82.   Finally, Plaintiff's lawsuit is intended to compel Defendants to make the Restaurant accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## X. FIFTH CLAIM

### Unfair Business Practices Act

Business and Professions Code §§17200 *et seq.*

83.   Plaintiff incorporates the allegations contained in paragraphs 1 through 82 for this claim.

84.   California Business and Professions Code §17203 states, in part, that: Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.

85.   "Unfair competition" includes any unlawful business act or practice.[23]

86.   Defendants' business practices were "unlawful" in that they violated applicable California and United States laws (identified above).

87.   Defendants' unlawful business practices denied the physically disabled public (including Plaintiff) full and equal access to the Restaurant.

88.   Accordingly, Plaintiff seeks an order for injunctive relief and restitution to end Defendants' unlawful business practices.

---

[23]   California Business and Professions Code §17200.

**Plaintiff's Complaint**                                  **Jones v. KFC Corporation, et al.**

Page 14

1

## XI. SIXTH CLAIM

2

### Negligence Per Se

3

California Civil Code §1714

4     89.    Plaintiff incorporates the allegations contained in

5   paragraphs 1 through 88 for this claim.

6     90.    Defendants had a duty to comply with the aforementioned

7   California and United States laws or regulations (or both).

8     91.    These aforementioned laws and regulations, violated by

9   Defendants, were adopted to protect the class of physically disabled

10   persons (including Plaintiff) from injury.

11     92.    This violation was the proximate cause of Plaintiff's

12   aforementioned injuries.

13     93.    Plaintiff's suffered physical and emotional injuries

14   resulting from an occurrence (the nature of which) these laws or

15   regulations were designed to prevent.[24]

16     94.    Defendants knew (or should have known) that the

17   physically disabled individuals (including Plaintiff) were denied full

18   and equal access to the Restaurant.

19     95.    Despite this knowledge, Defendants refused to comply

20   with the aforementioned laws and regulations to make the

21   Restaurant accessible.

22     96.    Defendants' acts and omissions evince oppressive,

23   fraudulent, or malicious conduct in conscious disregard for the rights

24   or safety of Plaintiff (and the physically disabled public).

25     97.    Thus, Plaintiff, in addition to the actual damages, seeks

26   damages for the sake of example and by way of punishing Defendant

27

28
_____

[24]   Hudge v. Seiler, 558 F.2d 284 (5th Cir. 1977).

**Plaintiff's Complaint**                              **Jones v. KFC Corporation, et al.**

Page 15

1 under California Civil Code §3294 in a sufficient amount to

2 accomplish that purpose.

3    98.   Plaintiff seeks interest under California Civil Code §3291

4 too.

## XII. PRAYER FOR RELIEF

6 WHEREFORE, Plaintiff prays judgment against the Defendants for:

7  1.   Injunctive relief, preventive relief, or any other relief the Court

8       deems proper under:

9       • 42 U.S.C. §12205;

10      • California Civil Code §52;

11      • California Civil Code §55; and

12      • California Health and Safety Code §19953;

13  2.   Declaratory relief that Defendants violated the ADA for the

14       purposes of Unruh Act or Disabled Persons Act damages;

15  3.   Statutory minimum damages under either California Civil Code

16       §52(a) or California Civil Code §54.3(a), but not both, for each

17       actual visit or incident of deterrence (according to the proof);

18  4.   General and special damages in the amount of $100,000.00;

19  5.   For attorneys' fees, litigation expenses and costs of suit

20       pursuant to:

21      • 42 U.S.C. §12205;

22      • California Civil Code §52;

23      • California Civil Code §54.3;

24      • California Civil Code §55;

25      • California Code of Civil Procedure §1021.5; and

26      • California Health and Safety Code §19953;

27  6.   Interest at the legal rate from the date of the filing of this action;

28  7.   Punitive damages pursuant to Civil Code §3294;

Plaintiff's Complaint                                    Jones v. KFC Corporation, et al.

Page 16

1 | 8.    Prejudgment interest pursuant to Civil Code §3291; and

2 | 9.    Such other and further relief as the court may deem proper.

3

4 | DATED: February 12, 2004   LAW OFFICES OF LYNN HUBBARD

5

6

7 | LYNN HUBBARD, III
  | Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Complaint**                                    **Jones v. KFC Corporation, et al.**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LARY FEEZOR

**COPY**

### DEFENDANTS

04 FEB 20 AM 11: 39

KFC CORPORATION dba KFC STORE #Y450116; DONAHUE SCHRIBER REALTY GROUP, LP; and DOES 1 through 10

SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Tehama
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   DEPUTY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lynn Hubbard, III, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926

ATTORNEYS (IF KNOWN)

'04 CV 00358 WQH  (AJB)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 385 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 388 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 12101, et seq.
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☑ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  February 12, 2004

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #  161306   AMOUNT  150   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

This form was electronically produced by Elite Federal Forms, Inc.

